## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACO, INC., | ) |
|              Plaintiff, | ) ) ) ) C.A. No. |
| v. | ) ) **COMPLAINT** |
| PAMELA LEWIS, GOSLYN UK LIMITED, | ) ) ) ) |
|              Defendants. | ) |

### PRELIMINARY STATEMENT

1.  Plaintiff ACO, Inc. ("ACO") brings this lawsuit against Pamela Lewis ("Lewis") and a company she owns, Goslyn UK Limited ("Goslyn UK") (Lewis and Goslyn UK collectively, "Defendants"), located in the United Kingdom. In this lawsuit, ACO is asserting claims under the laws of the State of Delaware arising from Defendants' unlawful competition with ACO, in violation of Lewis's contractual obligation not to compete with ACO in North America following Lewis's sale of a business line that ACO now owns. ACO also seeks a declaratory judgment concerning its ownership of intellectual property it acquired, which Defendants falsely claim as theirs despite a transfer of ownership of that intellectual property to ACO.

2.  As explained in detail below, ACO entered into a business transaction with Lewis and other sellers of two businesses—Goslyn, LP, f/k/a Fatstrippa U.S., LP ("Goslyn LP") and Goslyn General, LLC ("Goslyn General")(Goslyn LP and Goslyn General collectively, "Goslyn")—to add Goslyn's product lines to ACO's own existing business line of drainage products. Through this deal, Lewis and the other sellers also agreed not to directly or indirectly compete against ACO in North America for a period of three years. When ACO acquired the assets of the Goslyn product lines, the transaction included intellectual property such as goodwill and trademarks, including the GOSLYN trademark and other related marks containing that word element.

11155970.v1

3. Unfortunately, ACO is not receiving the full benefit of its acquisition. Lewis is blatantly violating the parties' contracts and her noncompete obligations by directing the unlawful offering for sale of competing products in North America, including directing the interference with the intellectual property rights ACO acquired in the deal.  Lewis is directing her business, Goslyn UK, and an affiliated business, Goslyn Environmental Systems, to market, advertise, and promote competing products in Canada.  Moreover, Lewis is seeking to sell, if not already selling, GOSLYN branded products in the United States and Mexico, as evidenced by the fact she sought to register confusing marks in the United States and Mexico, as well as in Canada.  In fact, Lewis directed Goslyn UK to apply for and now owns a trademark registration in Mexico, GOSLYN ENVIRONMENTAL SYSTEMS—a blatant disregard of her noncompete obligations and ACO's intellectual property rights.

4. In April 2024, ACO demanded that Defendants cease and desist from unlawfully competing with ACO and using the intellectual property that ACO acquired in the Goslyn deal. Rather than honor the terms of the agreements, Lewis doubled down, even falsely claiming that Goslyn UK is the rightful owner of ACO's intellectual property in GOSLYN.  ACO has no choice but to bring claims against Defendants to protect its financial investment and intellectual property from Defendants' unlawful conduct.

**PARTIES**

5. ACO is an Ohio corporation with its principal place of business in Casa Grande, Arizona.  ACO conducts business throughout the United States, including marketing, advertising, promoting, offering, and selling its products in the State of Delaware.

6. Lewis is a resident of the United Kingdom who, on information and belief, resides at 41 Newport Road Hill Farm House, Woolstone Milton Keynes, Buckinghamshire,

Milton Keynes MK150AA, United Kingdom and/or 8 Coldbath Square, London, EC1R 5HL, United Kingdom.

7. Goslyn UK is a Limited Partnership organized under the laws of the United Kingdom which, on information and belief, is located at 41 Newport Road Hill Farm House, Woolstone Milton Keynes, Buckinghamshire, Milton Keynes MK150AA and/or Cricket Street Business Park, Wigan, WN6 7TP, United Kingdom.

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction under 15 U.S.C. § 1121(a), and 28 U.S.C. §§ 1331 and 1338(a) and (b) as ACO seeks declaratory judgment as to its exclusive ownership of the trademarks at issue in the United States and Canada, as defined in the MIPA (discussed below) and under federal law, the Lanham Act. This Court also has diversity jurisdiction under 28 U.S.C. § 1132 because ACO is a citizen of Ohio and Arizona, Defendants are citizens of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. This Court has supplemental subject matter jurisdiction under 28 U.S.C. § 1367(a) as ACO's contract and quasi-contract claims based on Delaware law are related to this action and are part of the same case and controversy.

10. This Court has personal jurisdiction over Lewis because, under the Membership Interest Purchase Agreement ("MIPA") and Partnership Interest Purchase Agreement ("PIPA") (MIPA and PIPA collectively, the "Agreements") memorializing ACO's acquisition of the Goslyn business, Lewis agreed that "all actions or proceedings arising in connection with" the Agreements "shall be tried and litigated only in the state and federal courts located in Wilmington, Delaware." Under the Agreements, Lewis "irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action or proceeding."

11. This Court has personal jurisdiction over Goslyn UK by virtue of the forum selection clause in the Agreements because even though Goslyn UK is not a party to the Agreements, it is "closely related" to the Agreements under Delaware law, and it served as Lewis's agent, alter-ego, instrumentality, and/or aider and abettor of her violations of her noncompetition obligations, trademark infringement and unfair competition. This Court also has personal jurisdiction over Goslyn UK under Fed. R. Civ. P. 4(k)(2)—the federal long-arm statute—because: (i) ACO's declaratory judgment claim arises under and requests a declaration concerning federal trademark law; (ii) Goslyn UK is a "foreign entity" located in the United Kingdom that is not, on information and belief, subject to jurisdiction in any state's courts of general jurisdiction; and (iii) the exercise of jurisdiction over Goslyn UK comports with due process. Goslyn UK purposefully engaged with the United States legal system and attempted to avail itself of the benefits of trademark protection under the Lanham Act by applying for trademarks in the United States owned by ACO, giving rise to and relating to ACO's Lanham Act-based declaratory judgment claim. On information and belief, Goslyn UK is also offering its products for sale in the United States, including within this judicial district, as directed and controlled by Lewis.

12. Venue is proper in this Court as to Defendants based upon the forum selection clause in the Agreements, as discussed in paragraph 10 above. Venue is also proper under 28 U.S.C. § 1391(c). Neither Defendant is a resident in the United States and both may be sued in any judicial district in which they are subject to the court's personal jurisdiction.

## BACKGROUND

**A.     ACO's Acquisition of the Goslyn Business**

13. ACO is engaged in the business of developing, producing, marketing, engineering, and selling water management technologies used for civil engineering projects, such as building drainage, gardening and landscaping, and sports arenas, among other business lines.

11155970.v1

14. Goslyn manufactured grease and oil removal and separator units to protect drainage infrastructure for restaurants and catering establishments.

15. ACO was interested in adding Goslyn's removal and separator units to its own product line. To this end, on or around January 24, 2022, ACO formed an entity, ACO Goslyn Holding Corporation ("ACO Goslyn Holding"). ACO Goslyn Holding entered into the PIPA with the "Sellers" of Goslyn LP, which resulted in ACO Goslyn Holding acquiring all of the issued and outstanding limited partnership interests of Goslyn LP. ACO is not appending the PIPA to this Complaint due to the confidential and proprietary nature of its terms.

16. On January 24, 2022, ACO Goslyn Holding also entered into the MIPA with the Sellers of Goslyn General, which resulted in ACO Goslyn Holdings acquiring all of the issued and outstanding membership interests of Goslyn General, as the general partner of Goslyn LP. ACO is not appending the MIPA to this Complaint due to the confidential and proprietary nature of its terms..

17. Through another series of transactions, ACO then became the sole surviving entity and owner of the Goslyn business assets.  After the acquisition of Goslyn LP, ACO Goslyn Holdings converted Goslyn LP to Goslyn, LLC, a Texas limited liability company and Goslyn General merged into Goslyn, LLC.  ACO Goslyn Holdings and Goslyn LLC were then merged into ACO.

18. Thus, ACO is the sole surviving entity from ACO Goslyn Holdings' acquisition of the Goslyn business. As explained below, ACO owns the Goslyn assets.

B.   **ACO's Acquisition of Intellectual Property for the Goslyn Business**

19. Through the acquisitions and mergers of ACO Goslyn Holdings and Goslyn, ACO is now the owner of the assets previously owned by Goslyn, as described in the Agreements.

20. Schedule 6(l) to the MIPA identifies the intellectual property ACO acquired. This schedule "sets forth a correct, current, and complete list or description of all of [Goslyn General's] intellectual property and any intellectual property licensed to [Goslyn General] and used in the

5

business of [Goslyn General] as currently conducted as of the date of" the MIPA and acquired by ACO (the "Acquired IP").

21. Among the Acquired IP are the following registered GOSYLN trademarks:

**Trademarks**

ORIGINAL GOSLYN LOGO:

GOSL YN & Bird design GOSLYN
Canada
1321836

TMA747707 27-OCT-2006 15-SEP-2009

Filed:27-OCT-2006
Formalized: 27-OCT-2006
Advertised: 21-MAY-2008 Vol: 55 No: 2795 Allowed: 08-AUG-2008
Extension Approved: 22-NOV-2007
Until: 23-MAY-2008
Registered: 15-SEP-2009
Registration Type: TMA - Trademark Act Mark Type: Trade-Mark
Mark Category: Figurative
Next Renewal Date: 15-SEP-2024

Registered

GOSLYNUKLIMITED 18-737 Stremel Road Kelowna
BRITISH COLUMBIA CANADA, V1X5E6

GOSLYNUKLIMITED 18-737 Stremel Road Kelowna
BRITISH COLUMBIA CANADA

NEW GOSLYN LOGO

goslyn environmental systems

UnitedKingdom
3316076
3316076
06-JUN-2018
31-AUG-2018
06-JUN-2028
22-JUN-2018
REGISTRATION (REGISTERED) REGISTERED

GoslynUKLimited
Hill Farm House 41 Newport Road, Milton Keynes MK150AA, Bucks GB (UNITED KINGDOM)

Schedule 6(l)

22. As a result, ACO owns registered Canadian and UK trademarks and service marks centered on the dominant GOSLYN element, including the design mark for GOSLYN ENVIRONMENTAL SYSTEMS, UKTM Registration No. 3316076 (the "UK Registration").

23. The MIPA, § 6(l), further states that the Acquired IP also included the following:

> . . . . (i) patents; (ii) *registered and unregistered trademarks and applications therefor*; (iii) registered and unregistered copyrights and applications therefor, (iv) domain names, (v) all proprietary computer software (including, without limitation, all computer programs, object code, source code, user interface , data bases [sic] and documentation) owned in whole or in part or used by the

Company, and (vi) ***all other intellectual property used in the business of the Company as currently conducted*** . . . ."

(Emphasis added). Thus, ACO's Acquired IP also included the specifically mentioned IP in Schedule 6(l) as well as common law rights to the GOSLYN trademark, including those in the United States, through Goslyn General's sales prior to the acquisition. Goslyn General had been the first party to use the trademark GOSLYN in interstate commerce in the United States, after Lewis changed the business' name from Fatstrippa General, LLC to Goslyn General, LLC to settle a lawsuit.

24. As a result, ACO now uses the GOSLYN trademark, both in plain form and in design marks, including the one below, in connection with offering for sale and/or sale of oil separators and related products in this judicial district and in the United States:



25. In October 2023, ACO applied for the above GOSLYN mark, U.S. Serial No. 98/208,414. ACO now uses GOSLYN and the above design in connection with its products, including with automatic grease removal devices and low drain pump systems. A true and accurate copy of U.S. Serial No. 98/208,414 is attached as Exhibit 1.

26. Lewis acknowledged the validity of ACO's acquisition of the Acquired IP under the MIPA through representations and warranties. Under Section 6(l) of the MIPA, Lewis expressly warranted that Goslyn General "neither transferred ownership of, nor granted any exclusive license of or exclusive right to use, nor authorized the retention by another person of any exclusive rights to use or joint ownership of, any" of the Acquired IP.

27. Under Schedule 6(l) of the MIPA, Goslyn General further expressly warranted that:

11155970.v1

> Except as set forth on Schedule 6(l), [Goslyn General] has neither transferred ownership of, nor granted any exclusive license of or exclusive right to use, nor authorized the retention by another person of any exclusive rights to use or joint ownership of, any Company Intellectual Property. The execution and delivery of this [MIPA] does not, and the consummation of the transactions contemplated herein (in each case, with or without the giving of notice or lapse of time, or both), will not, directly or indirectly, result in the loss or impairment of any Company Intellectual Property or any intellectual property licensed to [Goslyn General] and used in the business of [Goslyn General] as currently conducted, or give rise to any right of any third party to terminate or reprice or otherwise renegotiate any of any of [Goslyn General's] rights to own any of its [Acquired IP] or their respective rights under any contract pursuant to which [Goslyn General] is authorized by a third party to use or practice any rights under such third party's intellectual property in the business of [Goslyn General] as currently conducted nor require the consent of any governmental authority or third party in respect of any such [Acquired IP].

MIPA § 6(l).

**C.    Lewis's Non-Compete Obligations**

28.    As a result of the acquisition, Lewis is restricted from competing with ACO for a period of three years.

29.    Lewis, as a "Seller" of Goslyn LP under the PIPA, agreed "that, for a period of three (3) years," she would not, among other things, "directly or indirectly, within the territory covering the United States of America, Canada, and Mexico: (i) own, be employed by, provide financing to, consult with or otherwise render services to any person who is engaged in any competing business of [Goslyn LP]" in § 8 of the PIPA.

30.    Lewis also agreed that a violation of this restrictive covenant will cause ACO irreparable harm, entitling it to injunctive relief. Lewis "acknowledge[d] and agree[d] that [ACO] would be irreparably damaged if any of the provisions" of the non-compete were "not performed in accordance with their specific terms or [were] otherwise breached" in § 8 of the PIPA. Lewis also agreed that ACO would be "entitled to an injunction or injunctions to prevent breaches of"

her noncompete and that ACO "has the right to specifically enforce" the noncompete against Lewis "in addition to any other remedy to which [ACO] may be entitled hereunder, at law or in equity" in § 8 of the PIPA.

### D.     Lewis's Immediate Breaches of the Agreements through Goslyn UK Limited

31.     The ink was barely dry on the Agreements before Lewis began violating her noncompete obligations under the PIPA through Goslyn UK. Lewis is at least a 75% owner of Goslyn UK, which, on information and belief, is offering for sale and selling competing products in North America.

32.     Lewis, as Goslyn UK's controller, also directed Goslyn UK to file a trademark application for the design mark GOSLYN EVINROMENTAL SYSTEMS, *goslyn*, in Canada, Application Number 2192804, for oil separators. A true and accurate copy of this application is attached as Exhibit 2, which illustrates Defendants' use of the dominant word element GOSLYN in the applied-for mark.

33.     Lewis's violation of her obligation not to compete against ACO in North America is not limited to Canada, as she is competing against ACO in Mexico. On July 31, 2023, Goslyn UK was granted a trademark registration in Mexico for GOSLYN ENVIRONMENTAL SYSTEMS, Registration Number 2518705, for oil separators. A true and accurate copy of the registration is attached as Exhibit 3, which again illustrates Defendants' use of the dominant word element GOSLYN in its mark.

34.     Finally, Defendants are unlawfully competing with ACO in the United States or, at the very least, are attempting to do so. On information and belief, Defendants are selling competing products in the United States and, as evidence of its intentionally doing so, Goslyn UK filed a trademark application in the United States for *goslyn*, U.S. Serial No. 79/342,616, three months

after Lewis signed the Agreements. A true and accurate copy of the U.S. Application is attached as Exhibit 4, which features the dominant word element GOSLYN.

### E.     Lewis's refusal to cease selling products under the mark GOSLYN

35.     The parties' communications demonstrate the intentionality of Defendants' unlawful conduct. On April 26, 2024, ACO sent Lewis a letter, through the representative of the Goslyn "Sellers" group, demanding that Lewis:

- Certify that Goslyn UK has withdrawn the U.S. and Canadian trademark applications and refrain from re-applying for the same marks in North America;

- Assign any pending North American trademark applications to ACO;

- Transfer the registration in Mexico to ACO;

- Certify that she will not apply for any trademarks that are substantially or confusingly similar to ACO's marks in North America, whether through Goslyn UK or otherwise;

- Certify that she will not challenge ACO's rights in its trademarks in North America;

- Certify that Goslyn UK will not compete with ACO in North America through and including January 24, 2025;

- Describe any and all uses of ACO's acquired trademarks occurring on or after January 24, 2022, including, but not limited to, online advertisements; and

- Provide an accounting of all sales made in North America from January 24, 2022 to the present, so that ACO could assess whether it has been harmed by those competitive sales.

A true and accurate copy of ACO's April 26, 2024 letter is attached as Exhibit 5.

36.     Lewis failed to comply with any of the demands in ACO's April 26, 2024 letter. Instead, on May 24, 2024, Lewis sent ACO a letter in which she admitted that Goslyn UK filed the U.S. and Canadian trademark applications and secured the Mexican registration. More importantly, Lewis asserted that Goslyn UK owns the GOSLYN trademarks, notwithstanding the transfer of those

marks to ACO through the MIPA. A true and accurate copy of Lewis's May 24, 2024 letter is attached as Exhibit 6.

37. Lewis's directing Goslyn UK to sell product in Canada, Mexico, and the United States; to file the U.S. and Canadian trademark applications; and to secure the trademark registration in Mexico, were intentional and in bad faith. Lewis knew full well that ACO is the lawful owner of the Acquired IP and, moreover, had knowledge of her own restrictive covenants.

38. Lewis is contractually obligated to indemnify ACO for damages and costs associated with her unlawful activities described above, including the attorney's fees and expenses associated with this lawsuit. Under Section 10 of the PIPA, Lewis, as a "Seller," agreed to indemnify ACO and hold it "harmless against and in respect from any and all losses, liabilities, damages, obligations, claims, encumbrances, costs and expenses (including, without limitation, reasonable attorneys' fees) ("Losses") incurred by" ACO stemming from "breach of any representation or warranty made by [Lewis]," "any default by [Lewis] in the performance or observance of [her] covenants or agreements," and "any claims or disputes involving" Goslyn's then "current members, managers, or officers . . . ."

## COUNT I
### (*Declaratory Judgment Against Defendants*)

39. ACO incorporates the previous paragraphs of this Complaint as if fully rewritten herein.

40. ACO seeks a judgment declaring that it is the lawful owner of the Acquired IP including, but not limited to, the mark GOSLYN in the United States and Canada, the GOSLYN design mark depicted on the UK Registration, and all applications and registrations for acquired trademarks, as set forth in the MIPA. Lewis disputes ACO's ownership of these marks, despite her signing the MIPA.

11155970.v1

41. A substantial and actual, justiciable controversy between ACO and Defendants exists regarding the Acquired IP under the MIPA, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

42. ACO is thus entitled to a declaration under 28 U.S.C. §§ 2201-2202 that ACO is the sole and unencumbered owner of all of the Acquired IP, including but not limited to, the trademark GOSLYN in the United States. ACO is entitled to a further declaration that Defendants do not own and do not have any right to use that intellectual property in the United States.

## COUNT II
**(*Breach of Contract Against Lewis*)**

43. ACO incorporates the previous paragraphs of this Complaint as if fully rewritten herein.

44. Lewis and ACO entered into the Agreements, which are valid contracts.

45. ACO has, at all times, performed its obligations under the terms of the PIPA.

46. Lewis directed Goslyn UK to engage in numerous activities in violation of the restrictive covenants under the PIPA. As described in more detail above, Lewis directed her business, Goslyn UK, to sell competing products in Canada and, on information and belief, in the United States; file the U.S. and Canadian trademark applications for GOSLYN marks; and to register the trademark GOSLYN ENVIRONMENTAL SYSTEMS in Mexico in order to sell GOSLYN-brand products in those countries. These actions violate the PIPA's prohibition that Lewis not "directly or indirectly, within the territory covering the United States of America, Canada, and Mexico: (i) own, be employed by, provide financing to, consult with or otherwise render services to any person who is engaged in any competing business of [ACO]." PIPA § 8. These actions also infringe upon ACO's trademark rights in the United States.

47. As a result of Lewis's breaches of the PIPA, ACO has suffered damages and will continue to suffer actual damages in an amount to be proven at trial, in an amount in excess of $75,000.

48. In addition, ACO has been substantially and irreparably injured by Lewis's failure to comply with her covenant not to compete, has no adequate remedy at law, and will continue to be substantially and irreparably injured unless and until Lewis is preliminarily and permanently enjoined from the breach of the post-termination obligations.

### COUNT III
### (*Contractual Indemnification Against Lewis*)

49. ACO incorporates the previous paragraphs of this Complaint as if fully rewritten herein.

50. Lewis breached her contractual obligations under the PIPA by, among other things, competing with ACO in direct contravention of Section 8 of the PIPA, both in her individual capacity and through the actions she directed on behalf of Goslyn UK.

51. ACO has suffered damages and continues to suffer damages, including those set forth above, caused by the breaches of the PIPA and the breaches of and inaccuracies in the PIPA's representations, warranties, and covenants.

52. ACO has, at all times, performed its obligations under the terms of the PIPA.

53. Pursuant to Section 10 of the PIPA, ACO is entitled to be indemnified for such damages and to reimbursement of attorneys' fees, litigation costs, and all other "Losses"—as that term is defined in the PIPA—resulting from Lewis's breach of the PIPA.

54. As a result of Lewis's breaches of the PIPA, ACO has suffered damages and will continue to suffer actual damages in an amount to be proven at trial, in an amount in excess of $75,000.

## COUNT IV
### (*Unjust Enrichment Against Lewis – In the Alternative to Count II under Fed. R. Civ. P. 8(d)(2)*)

55. ACO incorporates the previous paragraphs of this Complaint as if fully rewritten herein.

56. Lewis's continued use of the Acquired IP after ACO's acquisition of Goslyn in connection with the sale of products without payment to ACO of royalties and fees required of legitimate licensees of ACO has conferred a measurable benefit on Lewis at ACO's expense.

57. Lewis has appreciated this benefit, and retention of this benefit by Lewis is unjust and has resulted in unjust enrichment of Lewis, in an amount to be determined at trial and in excess of $75,000.

## COUNT V
### (*Unjust Enrichment Against Goslyn UK*)

58. ACO incorporates the previous paragraphs of this Complaint as if fully rewritten herein.

59. Goslyn UK's use of the Acquired IP in connection with the sale of products without payment to ACO of royalties and fees required of legitimate licensees of ACO has conferred a measurable benefit on Goslyn UK at ACO's expense.

60. Goslyn UK has appreciated this benefit, and retention of this benefit by Goslyn UK is unjust and has resulted in unjust enrichment of Goslyn UK, in an amount to be determined at trial, and in excess of $75,000.

## COUNT VI
### (*Federal Trademark Infringement Against Both Defendants*)

61. ACO incorporates the previous paragraphs of this Complaint as if fully rewritten herein.

11155970.v1

62. On information and belief, Lewis is directing Goslyn UK to offer goods in competition with ACO in the United States under the marks GOSLYN, GOSLYN ENVIRONMENTAL SYSTEMS, and . These marks are identical with and/or substantially indistinguishable from ACO's GOSLYN mark.

63. Defendants' use of those marks is, on information and belief, causing consumers to confuse an affiliation, connection, or association between Defendants and ACO and their respective goods and services, when none exists.

64. Defendants' use of those marks is, on information and belief, also causing consumers to believe that Defendants are the origins of ACO's products and/or are sponsored and approved by ACO, when they are not.

65. Defendants' actions constitute willful trademark infringement and counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. §§ 1117 and 1125.

66. ACO has been substantially and irreparably injured by Defendants' infringement and will continue to be substantially and irreparably injured unless and until Defendants are preliminarily and permanently enjoined from their infringing activities.

67. ACO is entitled to recover Defendants' profits, any damages it sustained, and the costs of the action as a result of Defendants' infringing activities.

68. Because Defendants' infringement is knowing and willful, this is an exceptional case and ACO is entitled to attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff ACO, Inc. demands judgment in its favor and against Defendants Pamela Lewis and Goslyn UK Limited as follows:

11155970.v1

1. An Order declaring that (i) ACO is the owner of the Acquired IP which includes, but is not limited to, the GOSLYN mark in the United States and Canada, and all trademarks and registrations of trademarks described in the MIPA; (ii) Defendants do not own or have the right to use that intellectual property; and, (iii) prohibiting Defendants from using the Acquired IP.

2. A declaration that the noncompetition clause in Section 8 of the PIPA is valid and enforceable as written and an order enjoining Lewis from: (i) directly or indirectly engaging in any business competitive with the business of ACO in North America for a period of three years from the date Lewis begins compliance with her obligation not to compete; and (ii) making any representation or statement that Lewis is in any way approved, endorsed, or licensed by ACO or is affiliated with ACO and/or the GOSLYN brand in any way, in any jurisdiction in which ACO owns the Acquired IP;

3. An Order requiring Defendants to withdraw the trademark application for the design mark GOSLYN ENVIRONMENTAL SYSTEMS in Canada (Application Number 2192804), and any other similar trademark applications for marks that include GOSLYN as the dominant word element;

4. An Order ordering Defendants to provide an accounting of sales of competing products in Canada, Mexico, and the United States;

5. An award of damages to ACO arising from Lewis's breach of the noncompete provisions of the PIPA or, in the alternative, awarding ACO the amount by which Defendants have been unjustly enriched by their wrongful use of the Acquired IP and/or the breaches of the Lewis's noncompetition obligations;

6. An award to ACO for amounts entitled under its indemnification agreement with Lewis;

11155970.v1

7. An award to ACO for prejudgment and post-judgment interest and its costs, including, without limitation, its attorneys' fees, pursuant to the terms of the PIPA and Lewis's willful breach thereof;

8. An award to ACO for such other and further relief as the Court deems just and proper.

Dated: October 1, 2024

**KLEHR HARRISON HARVEY BRANZBURG LLP**

/s/ Thomas V. Ayala
Thomas V. Ayala (Bar No. 6629)
Alyssa M. Radovanovich (Bar No. 7101)
919 Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: (302) 426-1189
Facsimile: (302) 426-9193
tayala@klehr.com
aradovanovich@klehr.com

Philip R. Bautista (*pro hac vice* forthcoming)
William A. Doyle (*pro hac vice* forthcoming)
**TAFT STETTINIUS & HOLLISTER LLP**
200 Public Square, Suite 3500
Cleveland, OH 44114-2302
Telephone: (216) 241-2838
Facsimile: (216) 241-3707
pbautista@taftlaw.com
wdoyle@taftlaw.com

*Attorneys for Plaintiff, ACO, Inc.*

11155970.v1