IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACO, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 24-1095-CFC |
| PAMELA LEWIS and GOSLYN UK LIMITED, | |
| Defendants. | |

## MEMORANDUM ORDER

Pending before me is a motion filed pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6) by Defendant Pamela Lewis to dismiss the counts alleged against her in the Complaint (i.e., Counts I–IV and VI). D.I. 13.

Lewis first argues that all the Counts against her should be dismissed pursuant to Rules 12(b)(2) and 12(b)(3) under the doctrine of *forum non conveniens*. D.I. 14 at 8–13. This argument is easily dismissed. Lewis does not deny that the forum selection clause in the applicable Partnership Agreement she signed subjects her to the jurisdiction of this Court, *see* D.I. 14 at 3, 8, and the law is clear that "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 63 (2013) (alteration in the original) (citation

omitted). Lewis has not established exceptional circumstances that would justify ignoring the contractual provision she agreed to. Indeed, Lewis has not even established the first prerequisite for the *forum non conveniens* doctrine to apply— i.e., that an adequate alternative forum exists. *See Windt v. Qwest Commc'ns Int'l, Inc.*, 529 F.3d 183, 189–90 (3d Cir. 2008) ("[W]hen considering a motion to dismiss on *forum non conveniens* grounds, a district court must first determine whether an adequate alternative forum can entertain the case.") Lewis cites no case law and offers no competent evidence to support her conclusory assertion that a United Kingdom court would entertain Plaintiff ACO Inc.'s claims. *See generally* D.I. 14. That failure alone warrants the rejection of her invocation of the *forum non conveniens* doctrine. *See Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 43–44 (3d Cir. 1988) ("It is settled that the defendant bears the burden of persuasion as to *all* elements of the *forum non conveniens* analysis.") (italics added).

Lewis next argues that all the claims alleged against her should be dismissed under Rule 12(b)(6) because the Complaint "does not plausibly allege that [she], in her individual capacity, engaged in any wrongful conduct." D.I. 14 at 13. The Complaint, however, alleges that "Lewis is seeking to sell, if not already selling, GOSLYN branded products in the United States and Mexico" and that "she sought

2

to register confusing marks in the United States and Mexico, as well as in Canada." D.I. 1 ¶ 3. It also alleges that Lewis owns 75 percent of Defendant Goslyn UK Limited, D.I. 1 ¶ 31, and that she "direct[ed]" Goslyn UK to engage in specific acts such as offering for sale competing products in North America; interfering with the intellectual property rights ACO acquired; marketing, advertising, and promoting competing products in Canada; and applying for a trademark registration in Mexico, D.I. 1 ¶ 3. These allegations plausibly imply that Lewis personally engaged in conduct that underlies the claims alleged against her.

Lewis next argues that the contract claim in Count II and the unjust enrichment claim in Count IV "simply cannot survive together if the matter moves forward in any respect." D.I. 14 at 17. The Complaint, however, makes clear that these claims are pleaded in the alternative. *See* D.I. 1 at 14. That practice is expressly permitted by Rule 8(d)(2). *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."). Obviously, as ACO acknowledges, D.I. 21 at 21, ACO cannot recover relief under both claims.

Finally, Lewis argues that the trademark infringement claim in Count VI should be dismissed under Rule 12(b)(6). D.I. 14 at 17–18. Count VI alleges that Lewis's use of the disputed Goslyn marks constitutes trademark infringement in violation of the Lanham Act. D.I. 1 ¶¶ 61–68. Section 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a), provides in relevant part:

> Any person who, on or in connection with any goods or services, . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, . . . which . . . is likely to cause confusion . . . as to the origin . . . of his or her goods [or] services . . . shall be liable in a civil action.

Lewis argues, and I agree, that Count VI fails as a matter of law because the Complaint does not plausibly allege that the disputed Goslyn marks were "used in commerce." *See* D.I. 14 at 17; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal quotation marks and citations omitted).

The phrase "use in commerce" is expressly defined in § 45 of the Act, codified at 15 U.S.C. § 1127. That section reads in relevant part:

4

> The term "use in commerce" means the bona fide use of a mark in the ordinary course of trade, and not made merely to reserve a right in a mark. For purposes of this chapter, a mark shall be deemed to be in use in commerce—
>
> > (1) on goods when—
> >
> > > (A) it is placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto, or if the nature of the goods makes such placement impracticable, then on documents associated with the goods or their sale, and
> > >
> > > (B) the goods are sold or transported in commerce.

§ 1127. The Complaint does not allege that Lewis or Goslyn UK ever placed one of the disputed Goslyn marks in any manner on a good that was sold or transported in commerce or on any container, display, tag, or label of a good that was sold or transported in commerce, or on a document associated with a good that was sold or transported in commerce. *See generally* D.I. 1. The Complaint merely alleges that Goslyn UK filed a trademark application in the United States for one of the disputed marks. D.I. 1 ¶ 34. Section 1127, however, expressly provides that the use of a mark merely to reserve the right to use that mark does not constitute "use in commerce" under the Lanham Act. *See* § 1127 ("The term 'use in commerce' means the bona fide use of a mark in the ordinary course of trade, and not made

5

merely to reserve a right in a mark."); *see also Social Techs. LLC v. Apple Inc.*, 4 F.4th 811, 817 (9th Cir. 2021) ("Mere adoption of a mark without bona fide use in commerce, in an attempt to reserve rights for the future, is insufficient to establish rights in the mark under the Lanham Act."). Accordingly, Count VI does not allege the requisite "use of commerce" and fails as a matter of law.

ACO counters that the Complaint alleges on "information and belief" that Lewis and Goslyn UK are using the Goslyn marks in commerce. D.I. 21 at 22–23; *see* D.I. 1 ¶ 46 ("Lewis directed her business, Goslyn UK, to sell competing products in Canada, and, on information and belief, in the United States . . . ."); D.I. 1 ¶ 62 ("On information and belief, Lewis is directing Goslyn UK to offer goods in competition with ACO in the United States under the [disputed] marks . . . ."). And it points to the Complaint's allegations that Goslyn UK filed a trademark application in the United States for one of the disputed marks, D.I. 1 ¶ 34; that Lewis refused to comply with ACO's demands that she, among other things, "[c]ertify" that Goslyn UK had withdrawn the application, assign any pending trademark applications to ACO, "[d]escribe any and all uses of ACO's acquired trademarks," and "[p]rovide an accounting of all sales,"[1] D.I. 1 ¶¶ 35–36;

---

[1] The Complaint does not say what "all sales" refers to, but I presume it refers to sales of goods with a Goslyn mark.

and that Lewis admitted that Goslyn UK filed the trademark application and asserted that Goslyn UK owns the disputed marks, D.I. 1 ¶ 36. ACO says that Lewis's refusal to meet its demand that she describe any and all uses of the disputed Goslyn marks "open[ed] the door for ACO to plead unlawful use of its mark on 'information and belief' because the requisite factual information is peculiarly within [Lewis's] knowledge or control." D.I. 21 at 23 (alteration in the original) (some internal quotation marks and citation omitted). And it says that "[t]aken together, these allegations provide 'factual content that allows the court to draw the reasonable inference' that Defendants are using ACO's trademarks and are thus liable for trademark infringement." D.I. 21 at 23 (quoting *Iqbal*, 556 U.S. at 663).

Without the conclusory allegations made in paragraphs 46 and 62, however, the remaining allegations cited by ACO, even if taken together, do not imply that Lewis or Goslyn UK has used or is using a Goslyn mark in commerce. And since that "requisite factual information"—i.e., the use of a Goslyn mark to sell goods in the ordinary course of trade—is *not* peculiarly within Lewis's knowledge or control, Lewis's refusal to describe for ACO any and all sales of Goslyn-marked goods did not "open the door" for ACO to plead that Lewis used the marks in commerce based solely on information and belief. In sum, the only allegations in

7

the Complaint that imply use of a Goslyn mark in commerce under § 1127 are conclusory and pleaded on information and belief and thus are insufficient as a matter of law. *See Iqbal*, 556 U.S. at 678 (explaining that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim).

* * * *

NOW THEREFORE, at Wilmington on this Sixth Day of February in 2026, it is HEREBY ORDERED that:

1. Defendant Pamela Lewis's Motion to Dismiss (D.I. 13) (the Motion) is GRANTED IN PART and DENIED IN PART;

2. The Motion is GRANTED insofar as it seeks the dismissal of Count VI against Defendant Lewis;

3. The Motion is otherwise DENIED; and

4. Defendant LEWIS is DISMISSED as a defendant to Count VI.

                                                                                   CHIEF JUDGE